IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL No. 5:06-666 |
| | ) | 18 U.S.C. § 666 |
| | ) | 18 U.S.C. § 1951 |
| v. | ) | 18 U.S.C. § 981(a)(1)(C) |
| | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| JOHN H. RICKENBACKER | ) | INDICTMENT |

## COUNT 1

THE GRAND JURY CHARGES:

At all times relevant to this Indictment:

1. JOHN H. RICKENBACKER was Chairman of the Orangeburg County Council (the Council). The Council administered and governed the affairs of Orangeburg County. Orangeburg County, a local government entity, received federal benefits in excess of $10,000 during the one year period prior to and including May 17, 2006. As a member and chairman of the Council, JOHN H. RICKENBACKER was an agent of Orangeburg County.

2. The Regional Medical Center of Orangeburg & Calhoun Counties ("TRMC") was a publicly-controlled health care provider servicing the citizens of Orangeburg and Calhoun Counties, with partial oversight by the Council. TRMC purchased medical supplies and equipment from outside the State of South Carolina in the course of its

1

operations, thus engaging in interstate commerce.

3. A company that operated acute care hospitals in rural and suburban areas located throughout the United States (the Company) was considering attempting to acquire TRMC. In the course of operating numerous hospitals, the Company purchased medical equipment and supplies which were transported across state lines, thus engaging in interstate commerce. A contract consultant for the Company (Company consultant) regularly traveled to Orangeburg and met with various individuals to determine whether the Company should attempt to acquire TRMC.

4. As part of his efforts, the Company consultant arranged a November 3, 2005, meeting with JOHN H. RICKENBACKER to discuss the Company's possible interest in acquiring TRMC.

5. During the November 3, 2005, meeting, JOHN H. RICKENBACKER solicited the Company consultant for cash payments in exchange for JOHN H. RICKENBACKER's assistance and eventual support on the Council for a sale or lease of TRMC by the Company. In return for cash, JOHN H. RICKENBACKER agreed to provide the Company with a copy of a confidential evaluation report to be generated at the request of the Council by a private consulting company analyzing the financial condition of TRMC ("valuation report"). The valuation report was scheduled to take three to four months to complete.

6. JOHN H. RICKENBACKER indicated he wanted $5,000 per month until the valuation report was completed. He offered to provide a copy of the report to the Company

when it was finished to give the Company an advantage during the bidding process should the TRMC be put up for sale. JOHN H. RICKENBACKER agreed that the report would be provided by him exclusively to the Company and not to others bidding to acquire the TRMC.

7. Subsequent to the November 3, 2005, meeting, the Company consultant introduced JOHN H. RICKENBACKER by phone to an undercover FBI agent posing as another consultant to the Company. The FBI agent and JOHN H. RICKENBACKER met a total of six times from December 2005 through May 2006.

8. During a contemplated "phase two" of the relationship between JOHN H. RICKENBACKER and the Company, JOHN H. RICKENBACKER also indicated he would assist the Company in obtaining public support for the sale or lease of TRMC and the necessary votes on the Council to approve the sale or lease of TRMC to the Company.

9. On May 17, 2006, JOHN H. RICKENBACKER, delivered the confidential valuation report to the FBI agent posing as a consultant to the Company.

10. On or about the dates set forth below, JOHN H. RICKENBACKER, in exchange for delivery of the valuation report and the promise of future support and favorable treatment for the Company in connection with the sale or lease of the TRMC, accepted a total of $50,000 in cash payments:

| DATE | AMOUNT |
|---|---|
| December 13, 2005 | $5,000 |
| December 20, 2005 | $5,000 |
| January 26, 2006 | $5,000 |
| March 1, 2006 | $10,000 |
| April 14, 2006 | $6,000 |
| May 17, 2006 | $19,000 |

11. From in or about November 2005 through in or about May 2006, in the District of South Carolina, JOHN H. RICKENBACKER, a member of the Orangeburg County Council and an agent of Orangeburg County, corruptly did solicit and demand for the benefit of himself, and did accept and agree to accept a thing of value, that is, cash payments totaling $50,000, intending to be influenced and rewarded in connection with a business, transaction, and series of transactions involving Orangeburg County, which involved a thing of value of $5,000 or more;

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

1. Paragraphs 1 through 10, above, are incorporated by reference.

2. Between in or about November 2005 through in or about May 2006, in the District of South Carolina, JOHN H. RICKENBACKER, an elected official as described above, knowingly, willfully, and unlawfully did obstruct, delay, and affect and did attempt to obstruct, delay, and affect commerce and the movement of an article and commodity in commerce, by extortion, that is, by obtaining property from another with his consent, under color of official right, in that he solicited and accepted $50,000 in cash payments in return for delivery of a confidential valuation report and the promise of future support and favorable treatment for the Company in connection with the sale or lease of the TRMC;

All in violation of Title 18, United States Code, Section 1951.

## FORFEITURE

1. **SPECIFIED UNLAWFUL ACTIVITY**

    A.  Upon conviction for violation of Title 18, United States Code, Sections 666(a)(1)(B), as more specifically alleged in Count 1, and Title 18, United States Code, Section 1951, as more specifically alleged in Count 2 of this Indictment, the Defendant, JOHN H. RICKENBACKER, shall forfeit to the United States any property, real or personal, constituting or derived from proceeds the Defendant obtained, directly or indirectly, as the result of such violations, and all property traceable to such property, including, but not limited to the following:

    (1) **CASH PROCEEDS / MONEY JUDGMENT**:

    A sum of money equal to all proceeds the Defendant obtained directly or indirectly from the offenses set forth in Counts 1 and 2 of this Indictment, that is, a minimum of $31,000.00 in United States currency and all interest and proceeds traceable thereto.

2. **SUBSTITUTE ASSETS**:

    A.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant –

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1), to seek forfeiture of any other property of the said Defendant up to the value of the above described forfeitable property.

Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A __TRUE__ BILL

s/Foreperson
FOREPERSON


s/Reginald I. Lloyd
REGINALD I. LLOYD (WDHjr)
UNITED STATES ATTORNEY


ANDREW LOURIE
Acting Chief

s/Eileen Gleason
By: EILEEN GLEASON
Trial Attorney
Public Integrity Section
Criminal Division
United States Department of Justice
Washington, DC

COUNT 1

MAXIMUM SENTENCE THIS COUNT
FINE OF $250,000 (18 U.S.C. § 3571) AND/OR
IMPRISONMENT FOR 10 YEARS AND A
TERM OF SUPERVISED RELEASE
OF 3 YEARS (18 U.S.C. § 3583)
SPECIAL ASSESSMENT $100.00 (18 U.S.C. § 3013)

COUNT 2

MAXIMUM SENTENCE THIS COUNT
FINE OF $250,000 (18 U.S.C. § 3571) AND/OR
IMPRISONMENT FOR 20 YEARS AND A
TERM OF SUPERVISED RELEASE
OF 5 YEARS (18 U.S.C. § 3583)
SPECIAL ASSESSMENT $100.00 (18 U.S.C. § 3013)